**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **JOHN PIPP,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:09-cv-5944** |
| | ) | |
| **JOHNSON and JOHNSON,** | ) | |
| A foreign corporation, | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT JOHNSON & JOHNSON'S MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. 56**

**INTRODUCTION**

In his Complaint, Plaintiff John Pipp ("Plaintiff") attributes to Defendant Johnson &

Johnson (incorrectly named as "Johnson and Johnson," "Johnson & Johnson, Inc.," and "Johnson

and Johnson, Inc.") ("Defendant") extensive conduct in connection with Remicade®, a

prescription medication that Plaintiff alleges to have caused him to develop cancer. Defendant,

however, has had no role in any aspect of the chain of commerce of Remicade®. Rather – as

Defendant told Plaintiff in both the Answer and its Initial Disclosures – Centocor Ortho Biotech

Inc. ("Centocor") researched, formulated, developed, tested, manufactured, marketed, and sold

Remicade®. Because Defendant has not engaged in any conduct that caused Plaintiff's alleged

injuries, this Court should grant summary judgment in favor of Defendant.

**BACKGROUND**

Plaintiff alleges that he sustained injuries and damages resulting from his Remicade® use

beginning in Fall 2005. Compl. (Doc. No. 1) Count I ¶¶ 12, 15, 17, Count II ¶¶ 12, 17, 19. He

sued Johnson & Johnson, alleging that its negligence caused his injuries and damages, and also

that it should be held strictly liable for its unreasonably dangerous product.  *Id.* at Count I ¶¶ 14, 15, 17, Count II ¶¶ 16, 17, 19.  At no point in time, however, has Johnson & Johnson had any role in researching, developing, formulating, manufacturing, producing, marketing, or selling Remicade®.  *See* Affidavit of Douglas K. Chia ("Chia Aff.") (Ex. A) at ¶ 4; Def. Johnson & Johnson's Answer to Compl. at Law (Doc. No. 4) at Count I ¶¶ 4-10, Count II ¶¶ 4-10 ("Answer").  Johnson & Johnson was not the party answerable to Plaintiff's claims and made that clear to Plaintiff in its Answer (Doc. No. 4) and Initial Disclosures (Ex. B hereto).  Centocor, a separate and independent corporation, researched, formulated, developed, tested, manufactured, marketed, and sold Remicade®.  Answer (Doc. No. 4) at Count I ¶¶ 4-10, Count II ¶¶ 4-10; Defendant's Initial Disclosures (Ex. B) at Preliminary Statement.

Even though Defendant pointed out Plaintiff's error in both its Answer and Initial Disclosures, Plaintiff has made no attempt to pursue the proper defendant.  The final date by which Plaintiff could have amended his pleadings or joined parties – January 6, 2010 – has long passed.  Agreed Scheduling Order (Doc. No. 16).  Yet, Johnson & Johnson remains an improper defendant to this action.  This latest example of Plaintiff's unresponsiveness and general failure to prosecute his case is not the first.  Plaintiff has failed to provide Rule 26(a)(1) disclosures despite Defendant's repeated requests for them.  Per this Court's Scheduling Order, Rule 26(a)(1) disclosures were due on November 24, 2009.  Agreed Scheduling Order (Doc. 16).

**ARGUMENT**

Defendant is entitled to summary judgment because there is no genuine issue of material fact as to whether Defendant participated in any conduct that allegedly caused Plaintiff's injuries and damages.  Summary judgment should be granted where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c);

*Celotex Corp. v. Cattrett*, 477 U.S. 317, 322-23 (1986). To avoid summary judgment, the nonmovant must "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322; *Bahr v. Sunrise Senior Living, Inc.*, No. 07-CV-3931, 2010 WL 432273, at *2 (N.D. Ill. Feb. 3, 2010). "The mere existence of a scintilla of evidence in support of the [nonmovant's] position will be insufficient; there must be evidence on which the jury could reasonably find" for the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Because there is no genuine issue of material fact, this Court should grant summary judgment in favor of the Defendant.

"A fundamental principle of tort law is that the plaintiff has the burden of proving by a preponderance of the evidence that the defendant caused the complained-of harm or injury . . . ." *Smith v. Eli Lilly & Co.*, 560 N.E.2d 324, 328 (Ill. 1990); *see also* Annotation, *Products Liability: Necessity and Sufficiency of Identification of Defendant as Manufacturer or Seller of Product Alleged to Have Caused Injury*, 51 A.L.R.3d 1344 (1973) ("Regardless of the theory which liability is predicated upon, whether negligence, . . . strict liability in tort, or other grounds, it is obvious that to hold a producer, manufacturer, or seller liable for injury caused by a particular product, there must first be proof that the defendant produced, manufactured, sold, or was in some way responsible for the product"). *Cf. Veugeler v. Gen. Motors Corp.*, No. 96 C 7278, 1997 WL 160749 (N.D. Ill. Apr. 2, 1997) (concluding that plaintiff could not establish causal relationship because defendant did not design, manufacture, or distribute allegedly defective airbag system of car involved in accident). Defendant did not research, develop, formulate, manufacture, produce, market, or sell Remicade®, nor did it employ anyone to do so on its behalf. Chia Aff. (Ex. A) at ¶ 4.

To sustain a negligence action, a plaintiff must show, *inter alia*, that the defendant owed a duty to the plaintiff and that a reasonable connection between the acts or omissions of the defendant and the plaintiff's alleged injuries exists.  *Smith*, 560 N.E.2d at 328, 343.  Defendant, which had no involvement in any aspect of Remicade®, stood in no relationship with Plaintiff; indeed, Plaintiff could not have been a foreseeable user of a drug that Defendant never manufactured, distributed, or sold.  *See Bahr*, 2010 WL 432273, at *3-4 (concluding that plaintiff failed to establish defendant owed duty where defendant had no interaction with plaintiff, and thus parties did not stand in relationship with one another "such that the law imposed upon Defendant an obligation of reasonable conduct for the benefit of Plaintiff").  In the absence of Defendant's responsibility for Remicade®, no reasonable connection exists between any acts or omissions of Defendant and Plaintiff's alleged injuries and damages.

Similarly, Plaintiff cannot recover under strict liability.  To sustain a strict liability action, a plaintiff must show, *inter alia*, that "the condition of the product that caused [plaintiff's] injury existed when the product left the manufacturer's control," *Jones v. Coleman Co., Inc.*, No. 92 C 3053, 1993 WL 13448, *3 (N.D. Ill. Jan. 21, 1993), and that "some causal relationship between the defendant and the injury-producing agent" exists, *Smith*, 560 N.E.2d at 328.  Defendant never controlled the Remicade® that allegedly injured Plaintiff.  *See Jones*, 1993 WL 13448, at *3 (granting summary judgment in favor of defendant where defendant did not design, manufacture, or distribute allegedly defective product that injured plaintiff).  Because Defendant had no role in Remicade®'s distribution chain, Plaintiff cannot establish any causal relationship between Defendant and the Remicade® that allegedly harmed Plaintiff.

Other courts have consistently found that Johnson & Johnson is not a proper defendant in cases in which a plaintiff claims that Johnson & Johnson was involved in or controlled

Remicade®'s distributive chain. *See, e.g.*, *Lopienski v. Centocor, Inc.*, No. 07-4519 (FLW), 2008 WL 2565065, at *4 (D. N.J. June 25, 2008) (dismissing Johnson & Johnson where it did not "design, formulate, produce, create, make, package, . . . label[,] or construct <u>Remicade</u>"). Simply put, Plaintiff has wrongly named Johnson & Johnson as Defendant in this action. Because Defendant did not participate in any conduct that caused Plaintiff's alleged injuries, this Court should grant summary judgment in favor of Defendant.

## CONCLUSION

For the foregoing reasons, this Court should enter judgment in Defendant Johnson & Johnson's favor as to each of the claims set forth in Plaintiff's Complaint.

Respectfully submitted this 18th day of March, 2010.

JOHNSON & JOHNSON

/s/ Kara L. McCall
Michael W. Davis
Kara L. McCall
James R.M. Hemmings
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, Illinois 60603
Tel: (312) 853-7000
Fax: (312) 853-7036
mdavis@sidley.com
kmccall@sidley.com
jhemmings@sidley.com

*Counsel for Defendant Johnson & Johnson*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 18, 2010, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record.

/s/ Louani A. Bascara
Counsel for Defendant Johnson & Johnson

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **JOHN PIPP,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:09-cv-5944** |
| | ) | |
| **JOHNSON and JOHNSON,** | ) | |
| A foreign corporation, | ) | |
| | ) | |
| **Defendant.** | ) | |

**EXHIBITS TO DEFENDANT JOHNSON & JOHNSON'S MEMORANDUM OF LAW IN
SUPPORT OF MOTION FOR SUMMARY JUDGMENT PURSUANT TO
FED. R. CIV. P. 56**

**Exhibit A** – Affidavit of Douglas K. Chia

**Exhibit B** – Defendant Johnson & Johnson's Initial Disclosures

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **JOHN PIPP,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. 1:09-cv-5944** |
| | ) | |
| **JOHNSON and JOHNSON,** | ) | |
| **A foreign corporation,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## AFFIDAVIT OF DOUGLAS K. CHIA

STATE OF NEW JERSEY )
                        ) ss.:
COUNTY OF MIDDLESEX )

         Douglas K. Chia, being duly sworn, deposes and says:

         1.      I am Assistant Secretary for Johnson & Johnson, a New Jersey corporation with its principal place of business in New Brunswick, New Jersey.  I am fully familiar with the matters set forth herein and submit this affidavit in support of Defendant's Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56.  If called to testify, I could testify competently as to the matters set forth herein.

         2.      Johnson & Johnson is a holding company organized and existing under the laws of the state of New Jersey, with its principal place of business in New Brunswick, New Jersey. Johnson & Johnson is a shareholder of companies providing health care products and services, which companies operate independently of Johnson & Johnson.

         3.      Centocor Ortho Biotech, Inc. (f/k/a "Centocor, Inc.") ("Centocor") is a corporation organized and existing under the laws of the state of Pennsylvania, with its principal place of business in Malvern, Pennsylvania.  Centocor is a wholly-owned subsidiary of Johnson

1

& Johnson.  Centocor does not operate, nor does it do any business, under the name of Johnson & Johnson.  Similarly, Johnson & Johnson does not operate, nor does it do any business, under the name of Centocor.  Johnson & Johnson and Centocor observe all corporate formalities relating to their separate existences.

4.    Johnson & Johnson does not manufacture or market any products.  More specifically, Johnson & Johnson did not research, develop, formulate, manufacture, produce, market, or sell the prescription drug Remicade®.  Johnson & Johnson does not employ persons to research, develop, formulate, manufacture, produce, market, or sell, and has not employed persons to research, develop, formulate, manufacture, produce, market, or sell Remicade®.  On information and belief, any such activities are and were directed by Centocor from the state of Pennsylvania.

5.    Johnson & Johnson and Centocor manage and operate their own day-to-day business activities independently of each other.  Johnson & Johnson and Centocor each maintain their own independent board of directors and officers who are primarily responsible for their business.  Johnson & Johnson and Centocor are separate and distinct legal entities, and their only relationship is one of parent-subsidiary.

2

     6.     Johnson & Johnson acquired Centocor in October 1999, after Centocor obtained approval from the United States Food & Drug Administration to market Remicade® for the treatment of Crohn's disease.

_____
Douglas K. Chia

Sworn to before me this
17ᵗʰ day of March 2010.

_____
Notary Public

LINDA E. KING
NOTARY PUBLIC
STATE OF NEW JERSEY
MY COMMISSION EXPIRES APRIL 9, 2013

3

**EXHIBIT B**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **JOHN PIPP,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:09-cv-5944** |
| | ) | |
| **JOHNSON and JOHNSON,** | ) | |
| **A foreign corporation,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT JOHNSON & JOHNSON'S INITIAL DISCLOSURES**

Pursuant to Rule 26(a)(1), Federal Rules of Civil Procedure, Defendant Johnson & Johnson ("Defendant") provides the following initial disclosures:

**PRELIMINARY STATEMENT**

Defendant states that it did not, and has not, researched, developed, formulated, manufactured, produced, marketed, or sold Remicade®.  Remicade® is researched, formulated, developed, tested, manufactured, marketed, and sold by Centocor Ortho Biotech Inc., a subsidiary of Defendant and a separate and independent corporate entity.  These disclosures are based on information reasonably available to Defendant at this time.  Defendant respectfully reserves the right to amend or supplement this disclosure.

**DISCLOSURES**

A.    **Identification of individuals likely to have discoverable and relevant information that may be used to support defenses:**

Defendant did not, and has not, researched, developed, formulated, manufactured, produced, marketed, or sold Remicade®.  Centocor Ortho Biotech, Inc. – a separate and independent entity – researched, formulated, developed, tested, manufactured, marketed, and

sold Remicade®. Upon information and belief, Defendant states that any individuals likely to

have discoverable and relevant information are employed by Centocor Ortho Biotech, Inc., not

Johnson & Johnson. Additional witnesses may have knowledge with regard to each of Plaintiff's

claims, including but not limited to Mr. Pipp and Mr. Pipp's healthcare providers.

**B.** **Relevant documents, data compilations and tangible things:**

Defendant states that it did not, and has not, researched, developed, formulated,

manufactured, produced, marketed, or sold Remicade®. Centocor Ortho Biotech, Inc. – a

separate and independent entity – researched, formulated, developed, tested, manufactured,

marketed, and sold Remicade®. Upon information and belief, Defendant states that Centocor

Ortho Biotech Inc. is the entity that has any relevant documents, to the extent they exist, in its

possession, custody, or control.

Defendant may rely upon documents produced by Plaintiff, including but not

limited to Mr. Pipp's medical records.

**C.** **Computation of Damages:**

Not applicable.

**D.** **Applicable Insurance Agreement:**

Defendant is self-insured in an amount sufficient to satisfy an award in the event

of an adverse verdict.

Respectfully submitted this 17th day of November, 2009.

JOHNSON & JOHNSON


/s/ Kara L. McCall
Michael W. Davis
Kara L. McCall
James R.M. Hemmings
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, Illinois 60603
Tel:  (312) 853-7000
Fax:  (312) 853-7036
mdavis@sidley.com
kmccall@sidley.com
jhemmings@sidley.com

*Counsel for Defendant Johnson & Johnson*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and exact copy of the foregoing

*INITIAL DISCLOSURES* has been served upon the following by mailing the same to the

offices of said counsel by United States Mail, postage prepaid:

Jim Farnan, Esq.
Farnan & Cahill Ltd.
810 Arlington
LaGrange, Illinois 60525

*Counsel for Plaintiff*

This 17th day of November, 2009.

/s/ Kara L. McCall
Counsel for Defendant Johnson & Johnson