MHN

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOHN PIPP,                          )
                                    )
          Plaintiff,                )          Case No. 1:09-cv-5944
                                    )
     v.                             )
                                    )
JOHNSON and JOHNSON,                )
                                    )
          Defendant.                )

## MEMORANDUM OPINION AND ORDER

Plaintiff, John Pipp, filed a two-count Complaint against the Defendant, Johnson

and Johnson, alleging negligence and products liability for Johnson and Johnson's role in

the research, development, formulation, manufacturing, production, and marketing of a

pharmaceutical known as Remicade®, which Pipp alleges caused him to develop cancer.

Currently before the Court is Johnson and Johnson's Motion for Summary Judgment with

the supporting memorandum of law and Local Rule 56.1 statement of material facts.

To avoid summary judgment, the nonmovant must "make a showing sufficient to

establish the existence of an element essential to that party's case, and on which the party

will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322

(1986). "The mere existence of a scintilla of evidence in support of the [nonmovant's]

position will be insufficient; there must be evidence on which the jury could reasonably

find" for the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

"A fundamental principle of tort law is that the plaintiff has the burden of proving

by a preponderance of the evidence that the defendant caused the complained-of harm or

injury . . . ." *Smith v. Eli Lilly & Co.*, 137 Ill. 2d 222, 232 (1990). In a negligence action,

this causation-in-fact requirement entails a reasonable connection between the act or omission of the defendant and the damages that the plaintiff has suffered. *Id.*

"The theory of strict liability is that the one who sells a defective product unreasonably dangerous to the user is liable for the resulting injury." *Id.* "Likewise, to recover under strict liability the plaintiff must establish some causal relationship between the defendant and the injury-producing agent." *Id.*

Local Rule 56.1(b) provides that a party opposing a motion for summary judgment *shall* file a supporting memorandum of law and a response to the movant's statement of material facts, and a district court has authority, under Local Rule 56.1, to grant summary judgment against a party who fails to file a supporting memorandum of law. *Hefley v. Davis*, No. 08 CV 172, 2009 WL1766783, at *3 (N.D. Ill. June 22, 2009) (citing *Nowak v. Transp. Joint Agreement of Cmty. Consol. Sch. Dist. No. 47*, 255 Fed. Appx. 85, 87 (7th Cir. 2007)). Because Pipp failed to respond to Johnson and Johnson's well-drafted Motion for Summary Judgment and statement of material facts, the Court summarily grants Johnson and Johnson's Motion. Moreover, based on a review of Johnson and Johnson's statement of material facts, Johnson and Johnson did not research, develop, formulate, manufacture, market, produce, or sell Remicade®, nor did it employ anyone to do so on its behalf. (Def.'s 56.1(a) ¶ 7). Centocor Ortho Biotech Inc., researched, formulated, developed, tested, manufactured, marketed, and sold Remicade®. (Def.'s 56.1(a) ¶ 8).

Accordingly, because the nonmovant, Pipp, cannot make a showing sufficient to establish the existence of an element essential to that party's case, and on which Pipp will bear the burden of proof at trial, Johnson and Johnson's Motion for Summary Judgment is granted.

Date: _June 9, 2010_

_____
JOHN W. DARRAH
United States District Court Judge